■ In the Matter of FORMICA CONSTRUCTION, INC., et al., Respondents, v JONATHAN MINTZ, Appellant. [885 NYS2d 298]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York City Department of Consumer Affairs dated July 18, 2007, which denied the petitioners' application to renew a home improvement contractor license, Jonathan Mintz, Commissioner, New York City Department of Consumer Affairs, appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Maltese, J.), dated March 17, 2008, as granted the petition, annulled the determination, and directed the New York City Department of Consumer Affairs to grant the application to renew the petitioners' home improvement contractor license.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof directing the New York City Department of Consumer Affairs to grant the application to renew the petitioners' home improvement contractor license and substituting therefor a provision remitting the matter to the New York City Department of Consumer Affairs for a new determination of the application to renew the subject home improvement contractor license; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioners Kenneth Formica, his brother William Formica, Jr., and their mother Rosemarie Formica, are the principals of Formica Construction, Inc. (hereinafter FCI), a

family-operated business. The petitioner Kenneth Formica (hereinafter Formica) pleaded guilty to criminally negligent homicide after a trench excavated by him collapsed upon and killed a worker who was in the trench at Formica's direction. Formica admitted that he did not shore the trench, as required by regulations promulgated pursuant to the federal Occupational Safety and Health Act (29 USC § 651 *et seq.*), to prevent it from collapsing. While serving his sentence of 16 weekends in jail, Formica applied to renew FCI's home improvement contractor (hereinafter HIC) license with the New York City Department of Consumer Affairs (hereinafter the DCA). The DCA denied the application. FCI, Formica, his brother William, and his mother Rosemarie commenced this proceeding pursuant to CPLR article 78 to review that determination. The Supreme Court, inter alia, granted the petition, annulled the DCA's determination, and directed the DCA to grant the petitioners' application. Jonathan Mintz, Commissioner of the DCA, appeals.

Correction Law article 23-A sets forth the conditions under which a licensing agency may deny a license due to an applicant's criminal conviction, and enumerates the factors that the agency must consider in reviewing the applicant's criminal history (*see* Correction Law §§ 750, 751, 752, 753). Pursuant to Correction Law § 752, a license application may be denied where there is "a direct relationship between [the previous criminal offense] and the specific license or employment sought" (Correction Law § 752 [1]), or where the issuance of the license would involve an "unreasonable risk to property or to the safety or welfare of specific individuals or the general public" (Correction Law § 752 [2]). Correction Law § 753 (1) provides that, in making a determination pursuant to Correction Law § 752, the licensing agency shall consider the following factors: (a) the public policy of this state, as expressed in the Correction Law, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses; (b) the specific duties and responsibilities necessarily related to the license sought; (c) the bearing, if any, the criminal offense for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities; (d) the time which has elapsed since the occurrence of the criminal offense; (e) the age of the person at the time of occurrence of the criminal offense; (f) the seriousness of the offense; (g) evidence of rehabilitation and good conduct; and (h) the public agency's legitimate interest in protecting the safety and welfare of specific individuals and the general public.

Here, the DCA denied the application to renew FCI's HIC

license on the ground that Formica had a recent felony conviction that was related to the license sought. The DCA did not set forth its reasoning for its determination until it was compelled to do so by the commencement of this proceeding. The reasoning that the DCA articulated in its answer to the petition does not reflect that it considered all eight statutory factors set forth in Correction Law § 753 (1). Accordingly, the Supreme Court properly annulled the DCA's determination denying the application.

However, the Supreme Court erred in directing the DCA to grant the petitioner's application to renew the HIC license. In reviewing the application to renew the HIC license based upon Correction Law § 752, the DCA must first consider all of the factors set forth in Correction Law § 753 (1), and then make a new determination. Thus, the Supreme Court should have remitted the matter to the DCA for consideration of the statutory factors and a new determination of the application to renew the HIC license.

The appellant's remaining contention is not properly before this Court. Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.